AO 472  (Rev. 12/03)  Order of Detention Pending Trial

UNITED STATES DISTRICT COURT
Eastern District of Michigan

UNITED STATES OF AMERICA         CASE NO: 06-20547

v.         DISTRICT JUDGE THOMAS L. LUDINGTON
           MAGISTRATE JUDGE CHARLES E. BINDER

BRYAN MARKS
                                    /

## ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the Defendant pending trial in this case.

### Part I—Findings of Fact

Does not apply.

### Alternative Findings (A)

Does not apply.

### Alternative Findings (B)

(1)   There is a serious risk that the Defendant will not appear.

2)    There is a serious risk that the Defendant will endanger the safety of another person or the community.

### Part II - Written Statement of Reasons for Detention

The Government moves for detention pursuant to the Bail Reform Act, 18 U.S.C. § 3142, which recently was amended by the Adam Walsh Child Protection and Safety Act of 2006 ("The Walsh Act"), Pub. L. No. 109-248, 120 Stat. 617 (July 27, 2006). The Walsh Act amended the Bail Reform Act in several respects, two of which may have application to this case.

First, subsection 3142(c)(1)(B) of the Bail Reform Act was amended to require that a series of mandatory conditions be imposed in any case that "involves a minor victim" and the defendant is charged with a violation of certain statutes. Publ. L. No. 109-248, Title II, § 216. One of the listed statutes is 18 U.S.C. § 2252A(a)(1). In Count I of the indictment in this case, Defendant Marks is charged with a violation of this statute.

Second, subsection 3142(f)(1) was amended to add a subsection (E) that, when read together with section 3142(e), effectively provides that a rebuttable presumption of detention arises when a defendant is charged with "any felony that is not otherwise a crime of violence that involved a minor victim . . . ." 18 U.S.C. § 3142(f)(1)(E).

I find that these amendments do not apply in this case because, although Defendant Marks is charged with a violation of § 2252A(a)(1), his case does not "involve a minor victim." Counsel for the Government argues that the amendments do apply because the conduct charged in Count I (transportation and shipment of child pornography) *inherently* involves the abuse of minors. Fundamental tenets of statutory construction, however, require that every word be given its commonsense meaning and that each word and clause be presumed to have a purpose. *See Henry Ford Health Sys. v. Shalala,* 233 F.3d 907, 910 (6th Cir. 2000); *Menuskin v. Williams*, 145 F.3d 755, 768 (6th Cir. 1998).

Applying these canons of statutory construction, I conclude that Congress could have amended § 3142 by simply requiring mandatory conditions and creating a rebuttable presumption in cases where one of the listed statutes (such as 18 U.S.C. § 2252A(a)(1)) is charged without adding the phrase "that involve a minor victim."

Instead, in each of these amendments, Congress also used the term "involves a minor victim."  If the statute prohibiting the transportation and shipment of child pornography always inherently involves a minor victim, however, the addition of these words would have no purpose.  The only conclusion I can draw is that Congress intended the amendments to apply in cases charged under this statute only when there is also something more – allegations of abusive or improper activities against a minor child by the person charged.  No such activities are alleged in either count of this indictment.  Therefore, the Court concludes that the amendments to the Bail Reform Act enacted by Congress in the Adam Walsh Child Protection and Safety Act of 2006 do not apply to this case.

Although I find the Walsh Act amendments inapplicable, in the interests of a complete record I note that counsel for Defendant Marks asserted during the hearing that the amendments are void because they violate the *Ex Post Facto* Clause of the United States Constitution.  U.S. CONST. art. I, § 9, cl. 3.  A law does not run afoul of the *Ex Post Facto* Clause, however, unless it retroactively alters the definition of criminal conduct or increases the penalty by which a crime is punishable.  *U.S. v. Lennon*, 372 F.3d 535 (3d Cir. 2004) (citing *California Dep't of Corr. v. Morales*, 514 U.S. 499, 506 n.3, 115 S. Ct. 1597, 131 L. Ed. 2d 588 (1995).  A similar challenge was brought against changes made to the Bail Reform Act in 1984 and every circuit which considered the issue rejected the argument.  The courts found that changes brought about by the 1984 amendment to the Bail Reform Act were procedural in nature and therefore did not alter the definition of criminal conduct or increase  punishment.  *See, e.g., United States v. Dickson*, No. 85-1022, 1986 WL 16749 (6th Cir. 1986).

Likewise, I conclude that the 2006 amendments to the Bail Reform Act similarly do not run afoul of the *Ex Post Facto* Clause.

Having reached these conclusions, the Court turns to the application of the Bail Reform Act and consideration of the Government's motion to detain. I first find that no presumption in favor of detention applies under 18 U.S.C. § 3142(e). Therefore, by considering the factors set forth in § 3142(g), it must be determined whether there are conditions of release that will reasonably assure the appearance of Defendant Marks as required and the safety of any other person and the community.

Regarding the factors set forth in § 3142(g)(1), the Court notes that Defendant is charged with possession, transportation and shipment of child pornography in violation of 18 U.S.C. § 2252(A). As to subsection (g)(2), the Court finds that from the grand jury having passed an indictment, there is probable cause as to this Defendant. With regard to the factors set forth in subsection (g)(3), the Court finds that Defendant is 22 years of age and lives with his parents in Presque Isle, Michigan. Defendant is single and has custody of his five-year-old daughter. Prior to living with his parents, Defendant lived in Spruce, Michigan, for six years. At the time of his arrest, Defendant had been a full-time student for two years and therefore was not employed. Prior to college, Defendant performed auto detailing work at a Tidy Car outlet and worked for a carwash in Alpena, Michigan.

Defendant was diagnosed as having bi-polar disorder and therefore receives social security disability benefits. This diagnosis was made in 2003 or 2004 by a physician in Alpena. According to defense counsel, Defendant sought and received counseling and was prescribed medication. Defense counsel conceded during his

proffer, however, that Defendant is no longer participating in counseling and has stopped taking his medication.

During his interview with Pretrial Services, Defendant stated that he had used marijuana since age 14. He also admitted to experimenting with what I presume from the Pretrial Services report to be LSD as well as cocaine and cold or pain medications. Defendant admitted to Pretrial Services the continued use of marijuana, stating that he had used the day before his arrest. Urinalysis was positive for marijuana.

In 2001, Defendant was charged with Felony Larceny From a Person and Assault and Battery. He pled guilty to the assault charge and the larceny charge was dismissed. In 2003, Defendant was given a 90-day delayed sentence and 12 months of probation, and the case was closed in February 2004. The Court thus presumes that Defendant met the required conditions for the delayed sentence. One year later, Defendant was charged with Misdemeanor Operating While Intoxicated and Misdemeanor Possession of Marijuana. He pled guilty to both charges and was given 12 months probation. He was also required to participate in classes, prohibited from using drugs or alcohol, and was required to regularly attend Alcoholics Anonymous (AA) meetings. In January 2006, Defendant was ordered to show cause why he had failed to comply with numerous conditions of his probation. In May 2006, he was again ordered to show cause why he failed to report, failed to attend treatment, and failed to attend AA meetings. On October 4, 2006, a probation violation hearing was held. Defendant was found to have violated the terms of his probation and his probation was extended six months. A 30-day jail sentence was held in abeyance pending the end of his probation.

In March 2005, Defendant was charged with Disorderly Person.  He pled no contest and was given a one-year delayed sentence.  This file was closed three days ago.  In April 2005, Defendant was arrested on a misdemeanor charge of being a person under 21 possessing or consuming liquor.  In September 2005, Defendant was charged with Misdemeanor Nonsufficient Check.  He pled guilty and was again given a delayed sentence.  This case is still open and Defendant was on probation from this charge at the time of his arrest.

Apparently arguing in the alternative, Government counsel maintains that while the Adam Walsh Act provides a presumption in favor of detention, there are nonetheless conditions of bond which could be imposed in this case, including the possibility of a third-party custodian.  Nevertheless, Government counsel also relates concerns about the continued presence of a minor child in Defendant's residence in light of the pending charges and thus the possibility of victimization of the child.  Government counsel suggested that a referral from Pretrial Services to the local county protective services agency and temporary placement of the minor child elsewhere could be considered.  The Court concludes, however, that those suggestions are beyond the authority of this Court.  Neither the Court nor Pretrial Services possesses any authority to request or direct a state agency to undertake any particular action, especially the temporary placement of a minor child, which under Michigan law requires the action of a Michigan probate judge.

Defense counsel also suggests a series of conditions, many of which revolve around the imposition of third-party custodianship responsibility upon Defendant's mother.  Government counsel objects, noting that Defendant's mother is herself facing

misdemeanor drug charges for possession of marijuana.  Moreover, Defendant's mother initially opposed any requirement that the use of personal computers in the residence be restricted and/or monitored.  Defense counsel sought to reassure the Court that the mother now understands the necessity of that condition and would cooperate.  Defense counsel also points to Defendant's record, noting that it is a misdemeanor record.  While that argument is correct, it cuts both ways.  If Defendant has been unwilling to comply with conditions of probation imposed by a court located in the same community where he lives and has been repeatedly called in to show cause for his failure to abide by those conditions, the Court fails to see how this Defendant could ever be expected to comply with a set of much more onerous conditions set by a Court and administered by Pretrial Services officers well over 100 miles away.

Moreover, whether Defendant's mother is willing to be a third-party custodian, it is clear that she has been unwilling or unable to control Defendant's compliance with probation conditions imposed by local authorities.  It is therefore clear that Defendant's mother would be unable to exert the level of control or supervision absolutely necessary to assure Defendant's compliance with any bond conditions that this Court would impose.  In addition, the Court concludes that the criminal charges pending against Defendant's mother, by themselves, render her unfit to act as a third-party custodian.  Furthermore, the logistical requirements necessary to administer conditions such as a tether make it almost impossible to effectively monitor and/or supervise a defendant located so far from this Court.

After weighing all these factors, and in light of Defendant's consistent pattern of failure to comply with terms of probation in cases less severe than this, the Court concludes that there are no conditions, nor any combination of conditions, that would reasonably assure the safety of the community, and in particular the safety of Defendant's minor child.  Nor is the Court able to craft any set of conditions that would reasonably assure Defendant's appearance as required for future court hearings. Accordingly, the Government's motion to detain is **GRANTED**.

**Part III—Directions Regarding Detention**

The Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the Defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

                                                  s/ *Charles E. Binder*
                                                  CHARLES E. BINDER
Dated: November 3, 2006                   United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Order was electronically filed this date, electronically served on Jeanine Jones and Anthony Chambers, and served on Judge Ludington, Pretrial Services and the U.S. Marshal's Service in the traditional manner.

Date: November 3, 2006                       By     s/Jean L. Broucek
                                                        Case Manager to Magistrate Judge Binder